UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY of NEW YORK,<br><br>   Interpleader Plaintiff,<br><br> -against-<br><br>WILMINGTON SAVINGS FUND SOCIETY, FSB,<br><br>   Interpleader Defendant,<br><br> -and-<br><br>ELLIOT BRISK, as TRUSTEE of THE LILLY SEGAL TRUST,<br><br>   Interpleader Defendant. | Civ. Act. No. 23-cv-5945<br><br>**JOHN HANCOCK LIFE INSURANCE COMPANY OF NEW YORK'S INTERPLEADER COMPLAINT** |

Interpleader Plaintiff John Hancock Life Insurance Company of New York ("John Hancock"), by its attorneys, Kelley Drye & Warren LLP, as and for its Interpleader Complaint, pursuant to 28 U.S.C. § 1335 against interpleader defendants Wilmington Savings Fund Society, FSB ("WSFS") and Elliot Brisk, as Trustee of The Lilly Segal Trust ("Brisk") (collectively, the "Interpleader Defendants"), alleges the following:

## PARTIES

1. John Hancock is a life insurance company organized under the laws of the State of New York with its principal place of business located in Valhalla, New York.

2. Upon information and belief, WSFS is a corporation organized under the laws of the State of Delaware with its principal place of business in Wilmington, Delaware.

3. Upon information and belief, Brisk is a citizen and resident of the State of New York and resides in Rockland County.

4. Upon information and belief, The Lilly Segal Trust is organized under the laws of the State of New York.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over this action of interpleader pursuant to 28 U.S.C. § 1335(a)(1) because the dispute to the life insurance policy proceeds at issue is between the Interpleader Defendants. Minimal diversity exists because WSFS is diverse from Brisk and the obligation at issue exceeds $500.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the Policy was issued in this District and, upon information and belief, the insured resided in and passed away in this District.

## BACKGROUND

**A.    The Policy**

7. On or about January 26, 2006, John Hancock issued life insurance policy number 59 982 686 insuring the life of Ms. Lilly Segal (the "Policy"). The Face Amount of the Policy, including supplementary benefits, was $1,500,000.00. A copy of a Duplicate of the Policy is attached hereto as Exhibit A.

8. The Policy's Application for Life Insurance (the "Policy Application"), which is attached to and incorporated into the Policy, identified Herman Segal as the owner and beneficiary of the Policy. (*See* Ex. A at Application for Life Insurance, pp. 1-2.)

9. The Policy Application represented that the insured Lilly Segal ("Ms. Segal") and the owner and beneficiary Herman Segal ("Mr. Segal") resided in Brooklyn, New York. (*See* Ex. A at Application for Life Insurance, p. 1.)

10. The Policy was issued as a New York policy and is governed by New York law. (*See* Ex. A, Policy at p. 3.0A.)

11. The Policy Application lists March 26, 1926 as Ms. Segal's date of birth. (*See* Ex. A at Application for Life Insurance, p. 1.)

12. According to Ms. Segal's death certificate, Ms. Segal's date of birth was January 14, 1924. A copy of Ms. Segal's death certificate is attached hereto as Exhibit B.[1]

13. Section 18 of the Policy, titled "Misstatements of Age and Sex," states that "[i]f the Age or Sex of the life insured was misstated in the application, we will change the Face Amount of insurance and every other benefit to that which would have been purchased at the correct Age or Sex by the most recent Cost of Insurance charge." (Ex. A at Policy § 18.)

14. Accordingly, the adjusted Face Amount of the Policy, based on a date of birth of January 14, 1924, is $1,258,239.

**B.** **The Policy's Changes of Ownership**

15. On or about December 27, 2010, John Hancock received a Change of Ownership (Absolute Assignment) form dated December 16, 2010 and a Change of Beneficiary – Life form dated December 17, 2010 requesting that the owner and beneficiary of the Policy be changed to Defined Returns Partnership, LP. Copies of the December 16, 2010 Change of Ownership (Absolute Assignment) form, the December 17, 2010 Change of Beneficiary – Life form, and accompanying correspondence and documents received by John Hancock are attached hereto as Exhibit C.

---

[1] Upon information and belief, as will be discussed in further detail below, at the time of her death, Ms. Segal was also known as Sprinta Berger, the name identified on the Death Certificate attached as Exhibit B hereto.

3

16. On or about January 13, 2011, John Hancock sent a letter to Defined Returns Partnership, LP advising that John Hancock had "received and processed the Change of Ownership and Change of Beneficiary form." A copy of John Hancock's January 13, 2011 letter is attached hereto as Exhibit D.

17. On or about November 22, 2011, John Hancock received a Change of Ownership (Absolute Assignment) form dated October 24, 2011 requesting that the owner of the Policy be changed from Defined Returns Partnership, LP to Sunwest Trust Inc. Pursuant to Section B of the Change of Ownership form, the prior beneficiary designation was revoked. Copies of the October 24, 2011 Change of Ownership (Absolute Assignment) form and accompanying correspondence and documents received by John Hancock are attached hereto as Exhibit E.

18. On or about December 12, 2011, John Hancock sent a letter to Sunwest Trust Inc. advising that John Hancock had "received and processed the Change of Ownership form." A copy of John Hancock's December 12, 2011 letter is attached hereto as Exhibit F.

19. On or about September 19, 2013, John Hancock received a Change of Ownership (Absolute Assignment) form dated August 13, 2013 and a Change of Beneficiary – Life form dated August 13, 2013 requesting that the owner and beneficiary of the Policy be changed from Sunwest Trust Inc. to WSFS, as Escrow Agent. Copies of the August 13, 2013 Change of Ownership (Absolute Assignment) form, the August 13, 2013 Change of Beneficiary – Life form, and accompanying correspondence and documents received by John Hancock are attached hereto as Exhibit G.

20. On or about October 3, 2013, John Hancock sent a letter to WSFS advising that John Hancock had "received and processed the Change of Ownership and Change

of Beneficiary forms." A copy of John Hancock's October 3, 2013, letter is attached hereto as Exhibit H.

**C.     The Policy's Premium History**

21.     Starting in December 2013, John Hancock consistently received premium payments for the Policy originating from Christiana Bank. Attached hereto as Exhibit I is a John Hancock business record reflecting all premium payments received by John Hancock for the Policy since February 2, 2011.

**D.     Lilly Segal's Death**

22.     On or about June 4, 2020, John Hancock sent a letter to WSFS stating that it learned that Ms. Segal may be deceased and, if that was the case, then WSFS should submit a Life Insurance Claim form and Ms. Segal's death certificate.

23.     Between July 2020 and November 2020, John Hancock sent additional letters to WSFS stating that it had not received the completed John Hancock Life Insurance Claim forms or Ms. Segal's death certificate.

24.     On or about November 14, 2022, in an unrelated litigation, United States District Judge Pamela K. Chen of the United States District Court for the Eastern District of New York, in *Wilmington Trust, N.A. v. Herman Segal*, No. 1:21-CV-1540, issued a Partial Final Judgment wherein Judge Chen declared, *inter alia*, that Lilly Segal, mother of Herman Segal, passed away on November 7, 2018. The Court further declared that at the time of Lilly Segal's death, Ms. Segal was also known as Sprinta Berger. A copy of Judge Chen's November 14, 2022 Partial Final Judgment is attached hereto as Exhibit J.)

25.     The Death Certificate that Judge Chen relied on in issuing the November 14, 2022 Partial Final Judgment states that Ms. Segal's / Sprinta Berger's date of birth is January 14, 1924. (*See* Ex. B.)

### E. Brisk's Claim To The Policy's Proceeds

26. On or about May 21, 2021, John Hancock received a letter from counsel for Brisk as Trustee of the Lilly Segal Trust stating that the Trust was the owner of the Policy pursuant to a November 10, 2006 assignment from Mr. Segal. Among other things, the May 21, 2021 letter stated that Brisk intended to submit a claim for the Policy proceeds, and requested that, to the extent someone other than the Trust had submitted a claim for the Policy's benefit, John Hancock "hold off on making any payment until any issues concerning any competing claims are resolved." Brisk's May 21, 2021 letter did not attach Ms. Segal's death certificate.

27. On or about June 15, 2021, John Hancock received another letter from counsel for Brisk requesting a response to the May 21, 2021 letter. Brisk's June 15, 2021 letter did not attach Ms. Segal's death certificate.

28. On or about July 29, 2021, Brisk filed a Verified Petition for an Order Pursuant to CPLR § 3102(c) in the Supreme Court of the State of New York, County of Kings, seeking pre-action discovery from John Hancock and three other parties, including Mr. Segal. John Hancock opposed Brisk's Petition and, on or about October 28, 2021, after hearing this matter, Judge Francois A. Rivera of the Supreme Court of the State of New York, County of Kings, denied the Petition as to John Hancock because there was no necessity or basis for pre-action discovery.

29. On or about February 3, 2022, the Supreme Court of the State of New York, County of Kings, entered a Decision & Order memorializing its denial of Brisk's request for pre-action discovery as to John Hancock. *See Brisk v. John Hancock Life Insurance Company of New York et al.*, Index No. 519594/21 (N.Y. Sup. Ct. Kings County), NYSCEF Doc. No. 21.

30. On or about March 14, 2022, Brisk filed a Notice of Appeal in the Supreme Court of the State of New York, Appellate Division, Second Judicial Department. *See Brisk v. John Hancock Life Insurance Company of New York et al.*, Index No. 519594/21 (N.Y. Sup. Ct. Kings County), NYSCEF Doc. No. 23. Brisk did not perfect this appeal.

31. On or about November 3, 2021, Brisk filed a Complaint in the Supreme Court of the State of New York, County of Westchester, against John Hancock and John or Jane Doe 1-10, asserting claims for a declaratory judgment, breach of contract and for unjust enrichment.

32. On or about January 21, 2022, John Hancock filed a Motion to Dismiss Brisk's Complaint pursuant to CPLR §§ 3211 (a)(1) and (a)(7) on the grounds that the documentary evidence refuted Brisk's claims and the Complaint failed to state a cause of action. *See Brisk v. John Hancock Life Insurance Company of New York et al.*, Index No. 65959/2021 (N.Y. Sup. Ct. Westchester County), NYSCEF Doc. Nos. 5-12.

33. On or about June 2, 2022, the Honorable Nancy Quinn Koba granted John Hancock's motion in its entirety. *See Brisk v. John Hancock Life Insurance Company of New York et al.*, Index No. 65959/2021 (N.Y. Sup. Ct. Westchester County), NYSCEF Doc. No. 21.

34. The June 2, 2022 Decision & Order, as well as a subsequent Decision & Order issued by Justice Koba denying Brisk's motion for renewal and reargument, are currently pending on appeal. *See Brisk v. John Hancock Life Insurance Company of New York et al.*, Case Nos. 2022-05001 and 2022-09525 (N.Y. Sup. Ct. App. Div. 2d Dep't).

35. On or about February 23, 2023, Brisk filed a Complaint in the Supreme Court of the State of New York, County of Kings, against Mr. Segal for breach of contract and, in the alternative, for specific performance against Mr. Segal, naming John Hancock as a nominal

defendant. *See Brisk v. Herman Segal et al.*, Index No. 505751/2023 (N.Y. Sup. Ct. Kings County).

36. On or about June 16, 2023, Brisk, through his counsel, sent a letter to counsel for John Hancock requesting that John Hancock pay the Policy's death benefit to Brisk. Brisk's June 16, 2023 letter included a letter purporting to be from Mr. Segal regarding his alleged assignment of the Policy to Brisk, a redacted copy of The Lilly Segal Trust, a copy of Judge Chen's Partial Final Judgment in *Wilmington Trust, N.A. v. Herman Segal*, No. 1:21-CV-1540, and a Life insurance claim form signed by Brisk. Copies of Brisk's June 16, 2023 letter and accompanying documents are attached hereto as Exhibit K.

**E.     WSFS's Claim to the Policy's Proceeds**

37. On or about March 8, 2022, John Hancock received a Claim Form from WSFS, requesting that John Hancock pay the death benefit under the Policy. A copy of the March 8, 2022 Claim Form is attached hereto as Exhibit L.

38. On or about July 29, 2022, John Hancock received a letter from Brandon J. Witkow of the law firm Witkow Baskin, counsel to the beneficiary under the Policy, following up on the March 8, 2022 Claim Form that WSFS had submitted to John Hancock. Copies of the July 29, 2022 Claim Form and attached documents are attached hereto as Exhibit M.

39. As a result of the foregoing, John Hancock has received conflicting claims to the Policy's death benefit.

**JOHN HANCOCK'S CLAIM FOR INTERPLEADER RELIEF**

40. The death benefit for the Policy is now claimed due and payable by multiple parties.

41. John Hancock does not claim any beneficial interest in the death benefit as calculated pursuant to the Policy terms.

42. John Hancock is subject to the possibility of multiple liability from the Interpleader Defendants.

43. John Hancock cannot determine to whom and in what amounts the death benefit should be paid until the conflicting claims are settled.

44. Thus, John Hancock cannot pay any part of the death benefit without danger of being compelled to pay all of the death benefit, or more than an appropriate portion thereof, to each of the Interpleader Defendants referenced herein.

45. John Hancock is prepared, upon the entry of an appropriate Order of this Court, to pay to the Clerk of this Court the sum of $1,258,239 (plus contractual interest from November 7, 2018 through the date of deposit).

**WHEREFORE**, John Hancock demands judgment pursuant to 28 U.S.C. § 1335(a):

(1) directing John Hancock to pay to the Clerk of the Court the sum of $1,258,239 plus contractual interest from November 7, 2018 through the date of deposit;

(2) ordering that, upon full payment to the Clerk of the Court, John Hancock is released, discharged, and acquitted of and from any liability of any kind or nature whatsoever under or with respect to the Policy;

(3) permanently restraining and enjoining the Interpleader Defendants from instituting any action against John Hancock with respect to the Policy or their rights to any amount due under the Policy including, but not limited to, its death benefit;

(4) requiring the Interpleader Defendants to settle between themselves their right to monies due under the Policy;

(5) awarding John Hancock its costs and attorneys' fees; and

(6) for such other and further relief as this Court deems proper.

Dated: August 4, 2023

Respectfully Submitted,

*/s/ Jaclyn M. Metzinger*
KELLEY DRYE & WARREN LLP
Neil Merkl
Jaclyn M. Metzinger
Caitlin R. Hickey
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
nmerkl@kelleydrye.com
jmetzinger@kelleydrye.com
chickey@kelleydrye.com

*Attorneys for Interpleader Plaintiff John Hancock Life Insurance Company of New York*