

**Jaclyn M. Metzinger**

Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007

Tel: (212) 808-7800
Fax: (212) 808-7897
jmetzinger@kelleydrye.com

October 23, 2023

**Via ECF**

Hon. Marcia M. Henry
United States District Court
Southern District of New York
225 Cadman Plaza East
Brooklyn, NY 10007

    Re:   *John Hancock Life Insurance Company of New York v. Wilmington Savings Fund Society, FSB, and Elliot Brisk, as Trustee of The Lilly Segal Trust*, Case No. 1:23-cv-05945-NGG-MMH

Dear Judge Henry:

    Kelley Drye & Warren LLP represents Interpleader Plaintiff John Hancock Life Insurance Company of New York ("John Hancock") in this interpleader action involving conflicting claims asserted by Interpleader Defendants Wilmington Savings Fund Society, FSB ("WSFS"), and Elliot Brisk, as Trustee to The Lilly Segal Trust ("Brisk" and, with WSFS, the "Interpleader Defendants") to the proceeds of a life insurance policy issued by John Hancock insuring the life of Lilly Segal (the "Policy"). The Parties write jointly in response to the Court's August 21, 2023 Initial Conference Order (ECF 5) and in anticipation of the Initial Conference scheduled for November 1, 2023.

    As reflected in the Complaint and the Interpleader Defendants' Answers (ECF 1, 6, 15), there are two primary issues in this litigation: first, which of the Interpleader Defendants is entitled to receive the death benefit associated with the Policy; and second, the proper amount of that death benefit. The parties would like the Court to be aware of three separate issues which they believe will assist with the efficient prosecution and/or resolution of the instant matter: (1) the existence of a related case, currently pending before Judge Chen and Magistrate Judge Merkl, entitled *Wilmington Trust, N.A, v. Segal*, Case No. 1:21-cv-01540 (the "Segal Case"); (2) the certification of a question by the Second Circuit Court of Appeals to the Court of Appeals of the State of New York in the case of *Herman Brettler v. Allianz Life Insurance Company*, Docket No. 19-97 (the "Allianz Appeal"); and (3) the Parties' agreement to permit John Hancock to deposit a portion of the amount in controversy into the Court Registry while this case is litigated.

    **First**, like the instant case, the Segal Case, filed in March 2021, involves the payment of death benefits under an insurance policy issued by John Hancock insuring the life of Lilly Segal. While the issue

of *who* is the proper owner of the policy and beneficiary of the death benefit is not at issue in the Segal Case, there are several factual issues that overlap with factual issues in the instant case, namely the actions of Ms. Segal's son, Herman Segal, in connection with the policies at issue, and the correct date of birth of Ms. Segal, which is disputed by the Parties in this case and which impacts the amount of the Policy's death benefit.  Because Judge Chen and Magistrate Judge Merkl are already familiar with these facts, the Interpleader Defendants believe that transfer of this case to Judge Chen and Magistrate Judge Merkl would serve judicial efficiency.  John Hancock does not oppose this request.

**Second**, the Allianz Appeal – which was presented to the Court of Appeals of the State of New York via certified question and argued on October 18, 2023 – will resolve the following question under New York law:

> Where a life insurance policy provides that "assignment will be effective upon Notice" in writing to the insurer, does the failure to provide such written notice void the assignment so that the purported assignee does not have contractual standing to bring a claim under the Policy?

*See Brettler et al. v. Allianz Life Insurance Co. of North America,* 57 F.4th 57 (2d Cir. 2022).  The Interpleader Defendants believe that the Court of Appeals' ruling on this certified question will directly impact the prosecution and/or resolution of this case, and, as a result, a stay of this case is warranted pending the Court's final ruling.

As discussed in John Hancock's Complaint, the two Interpleader Defendants (Brisk and WSFS) have submitted conflicting claims to the Policy proceeds.  Paragraphs 15-20 of the Complaint identifies multiple assignments of ownership received by John Hancock since the Policy was issued, with the last assignment, dated September 19, 2013, transferring ownership of the Policy to WSFS.  Paragraphs 26-36 of the Complaint, however, detail Brisk's claim of ownership of the Policy and demand for the payment of the Policy's death benefit notwithstanding the fact that John Hancock's files contained no notice of Brisk's assignment of the Policy.  Brisk contends that despite any failure to provide notice of the assignment to John Hancock, the assignment is valid and he is entitled to the death benefit payable under the Policy.  The Interpleader Defendants believe that the Court of Appeals' decision in the Allianz Appeal on the certified question above may directly impact the viability of Brisk's position as to the validity of its assignment of the Policy.  Accordingly, a stay of this case pending a decision by the Court of Appeals will conserve this Court and the parties' resources in litigating an issue that will be settled shortly.  John Hancock does not oppose the Interpleader Defendants' request for a stay.  In the event the Court does not enter a stay, the Parties submit the proposed discovery scheduled attached hereto as Exhibit A.

**Third**, John Hancock is requesting permission to deposit a portion of the amount at issue with the Clerk of the Court while this Action is pending.  While there is a dispute among the Parties with respect to the total amount of the Policy's death benefit that is currently due and payable, they are in agreement that, at a minimum, $1,258,239 is due on the Policy.  Given that the death benefit has been accruing interest since the date of Ms. Segal's death (November 7, 2018), John Hancock has proposed to

the Interpleader Defendants that it deposit this undisputed amount, plus contractual interest accrued to date, with the Clerk of the Court to hold during the pendency of this litigation. The Interpleader Defendants agree with this proposal, and the Parties intend to file a motion requesting this relief.

The Parties will be prepared to discuss all of these matters at the Initial Conference scheduled for November 1, 2023, and would be happy to submit formal briefing on any of the above issues if the Court believes it would be useful. We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Jaclyn M. Metzinger

Jaclyn M. Metzinger
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, New York 10007
Phone: (212) 808-7800
Fax: (212) 808-7895
jmetzinger@kelleydrye.com

*Counsel for John Hancock*
*Life Insurance Company of New York*

/s/ Brandon J. Witkow
witkow | baskin
21031 Ventura Boulevard, Suite 700
Woodland Hills, CA 91364
Tel: 818.296.9508
Email: bw@witkowlaw.com

/s/ Gaston Kroub
Kroub, Silbersher &
Kolmykov PLLC
305 Broadway, 7th Fl.,
New York, NY 10007
Tel: (212) 323-7442
Email: gkroub@kskiplaw.com

*Attorneys for Wilmington Savings Fund Society, FSB*

/s/ Samuel Karpel
Einhorn Karpel, P.C.

66 Split Rock Rd.
Syosset, NY 11791
Tel: (718) 249-2202
skarpel@ekpclaw.com

*Attorneys for Elliot Brisk, as Trustee of The Lilly Segal Trust*

**KELLEY DRYE & WARREN LLP**  4