witkow | baskin

**VIA ELECTRONIC FILING**

December 30, 2025

Hon. Pamela K. Chen
U.S. District Court
Eastern District of New York
Courtroom 4F
225 Cadman Plaza East
Brooklyn New York 11201

**Re:** **John Hancock Life Insurance Company of New York v. Wilmington Savings Fund Society, FSB et al**
**Case No.: 1:23-cv-05945-PKC-TAM**

Dear Judge Chen:

This firm is counsel to Interpleader Defendant Wilmington Savings Fund Society, FSB ("Wilmington"). Wilmington respectfully requests, pursuant to Your Honor's Individual Rule 2(B), a pre-motion conference in advance of filing a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

**I. Nature of the Anticipated Motion**

Wilmington intends to move for judgment on the pleadings dismissing Interpleader Defendant Elliot Brisk's asserted claim to the interpleaded life-insurance proceeds. The motion will establish that collateral estoppel under New York law bars Brisk from relitigating any alleged ownership or beneficiary interest in the policy, because a New York state court has already actually and necessarily decided that Brisk has no rights in the policy or its proceeds.

**II. Collateral-Estoppel Applies**

The motion will show that issue preclusion applies as a matter of law because: (1) Identity of Issue — the sole issue here, whether Brisk (or the Lilly Segal Trust) holds any enforceable ownership or beneficiary interest in the policy based on an alleged assignment, is identical to the issue resolved in the prior state-court action, entitled *Brisk v. John Hancock Life Insurance Company of New York, et al.,* Index No. 65959/2021 (N.Y. Super. Ct. Westchester County); (2) Necessarily Decided and Decisive — the state court expressly held that Brisk "failed to show that he had any rights in the Policy," that the policy documents contradicted his allegations, and that no assignment was ever provided to or received by the insurer as required by the policy, determinations that conclusively defeat Brisk's claim to the interpleaded proceeds; and (3) Full and Fair Opportunity to Litigate — Brisk initiated the prior action, was represented by counsel, opposed a dispositive motion, and had every incentive to present any assignment theory, such that later-submitted materials available during the prior litigation cannot defeat preclusion. Because these elements are satisfied, Brisk's claim is barred, leaving no factual dispute for adjudication.

21031 Ventura Boulevard | Suite 700 | Woodland Hills | California | 91364
818.296.9508 phone | 818.296.9510 fax | bw@witkowlaw.com

**III. Jurisdiction and Rule 12(c) Standard**

This Court has subject-matter jurisdiction over the interpleader action, and judgment on the pleadings is appropriate where, accepting all non-movant allegations as true, no material issue of fact remains and the moving party is entitled to judgment as a matter of law.

Once Brisk's claim is barred by collateral estoppel, Courts in this District routinely adjudicate adverse claims to interpleaded funds at the pleadings stage where entitlement may be resolved as a matter of law. *See e.g., MetLife Inv'rs USA Ins. Co. v. Zeidman,* 734 F. Supp. 2d 304, 315 (E.D.N.Y. 2010) (granting motion for judgment on the pleadings and holding that "with respect to respect to the Pratt Estate's claim to the interpleaded funds, the Court has already ruled that the Pratt Estate's sole basis for claiming the interpleaded funds . . . is not legally valid. Thus, the Court does not award the Pratt Estate any of the interpleaded funds"). Judgment on the pleadings will therefore streamline the action and eliminate unnecessary discovery and motion practice.

**IV. Proposed Schedule**

Pursuant to Your Honor's rules, Wilmington proposes the following schedule unless the Court prefers otherwise:

- Wilmington's pre-motion conference letter: **filed herewith**
- Brisk's response letter (if any): **7 days after filing**
- Wilmington's reply letter (if permitted): **3 days thereafter**

Wilmington respectfully requests that the Court either (i) schedule a pre-motion conference or (ii) grant leave to proceed with full briefing on the Rule 12(c) motion.

Respectfully Submitted,

witkow | baskin

Brandon J. Witkow